UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**SCRANTON**

OCT 2 8 2016

PER _____
DEPUTY CLERK

B. MILLER A.K.A. STRANDON
MILLER,

      Plaintiff,

      v.

D.J. LUCAS, et al.,

      Defendants.

:
:
:
:
:
:
:
:
:
:
:

CIVIL NO. 3:16-CV-1947

(Judge Kosik)

## **MEMORANDUM**

Plaintiff B. Miller commenced this civil rights action pursuant to 42 U.S.C. §

1983 on September 23, 2016.  Named as defendants are Correctional Officers D.J.

Lucas, Peter Damiter, Joseph Lukashewski and Delbo.  Also named as a defendant is

Hearing Examiner Sharon Lugis[1]. It appears that Plaintiff is confined at the State

Correctional Institution at Frackville ("SCI-Frackville"), and that the incidents

complained of occurred there.  Along with the complaint, Plaintiff filed a motion to

proceed in forma pauperis (Doc. 2) in this matter.  For the reasons that follow, the

motion to proceed in forma pauperis (Doc. 2) will be granted, but Plaintiff will be

directed to file an amended complaint in this action.  The Clerk of Court will also be

---

[1] Although Plaintiff spells the Hearing Examiner's name as "Lugis," the court
believes the proper spelling is "Luquis".

directed to issue an Administrative Order in this case to the appropriate financial officer at SCI-Frackville.

## I.     Background

While the complaint is somewhat difficult to follow, it appears that Plaintiff alleges that Defendant Lucas retaliated against him when he learned that a misconduct issued against Plaintiff had been dismissed with prejudice. Plaintiff refers to B193479 as the misconduct. As a result, Plaintiff alleges that Lucas used another misconduct (B400315) as a pretext to infringe on Plaintiff's Native American religious service. (Doc. 1, Compl.) It appears that this happened on May 5, 2015. Plaintiff states that he entered the chapel and was confronted by Lucas about his shirt and the cuffs on his shirt. According to Plaintiff, his shirt was tucked in and his cuffs were casual and normal. Based on the foregoing, Lucas cancelled the religious service arbitrarily, and told Plaintiff to return to his housing unit without explaining why. Plaintiff claims that when questioned by the facility chaplain, Lucas used the same charges that had previously been dismissed in B193479 to support his allegations in B400315. He claims that this was an act of retaliation. While Plaintiff does not specifically name the other defendants in the body of his complaint, he appears to name them because of their involvement in ruling on the misconduct and appeals therefrom. As relief, Plaintiff seeks $12,900.00 per day from each defendant

2

for the 45 days he spent in the Restricted Housing Unit and whatever compensatory and punitive damages and attorney's fees that the court deems appropriate.

## II.    Discussion

While the retaliation claim against D.J. Lucas appears viable at this point, the claims set forth against the remaining defendants are subject to dismissal as presented.  The court has a statutory obligation to conduct a preliminary review of Plaintiff's complaint when he seeks leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Specifically, the court must assess whether a pro se complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In addition, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically directs that the complaint be dismissed ". . . at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted.  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In considering whether a complaint fails to state a claim, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be

3

drawn from the complaint are to be construed in favor of the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). As set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the factual ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due." Id. at 555. Factual allegations must be enough to raise a right to relief above the speculative level." Id. In Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the Supreme Court held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." The consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In applying the foregoing to the instant complaint, Plaintiff appears to set forth

supervisory and vicarious liability claims against Defendants Damiter, Delbo, Lukashewski and Luquis. As such, any claims against these defendants on said basis fail. It is well-established that any supervisory corrections officials who after-the-fact denied grievances or appeals lodged by Plaintiff are not liable under § 1983. Any such claims against them are legally insufficient, and such government officials may be exposed to liability only in certain, narrowly defined, circumstances. To state a claim, the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution or laws of the United States. Morse, 132 F.3d 902 (3d Cir. 1997); see also Maine v. Thiboutot, 448 U.S. 1 (1980). There must be personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

Moreover, no supervisory liability claims can be leveled premised on the allegations that Defendants did not after-the-fact act favorably on grievances or appeals filed by Plaintiff. It is well-established that the mere concurrence in a prison administrative appeal process does not implicate a constitutional concern. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005); Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008); Speight v. Sims, 283 F. App'x 880 (3d Cir. 2008).

5

As presently drafted, Plaintiff only refers to Defendants Damiter, Delbo, Lukashewski and Luquis in the caption of the complaint. In reviewing the complaint, it appears that he may seek to impose liability against these individuals only due to their finding of guilt on the misconduct or their denial of Plaintiff's appeals therefrom. As such, these Defendants are entitled to be dismissed from this case, but without prejudice. However, the court cannot say, at this juncture, that any amendment would be futile with respect to these defendants. As such, Plaintiff will be given an opportunity to file a proper amended complaint. Plaintiff is advised that any attempt to correct the above deficiencies by the filing of an amended complaint must also include the retaliation claim against Defendant Lucas, along with any corrected claims against Defendants Damiter, Delbo, Lukashewski and Luquis. The failure to file an amended complaint will result in the court ruling on the original complaint as filed. If Plaintiff files an amended complaint and fails to include the retaliation claim against Defendant Lucas, it will be waived.

Moreover, the portion of Plaintiff's prayer for relief wherein he requests a specific amount of unliquidated damages will be stricken pursuant to M.D. Pa. Local Rule 8.1. Plaintiff should not specify dollar amounts. Such a request will be stricken without prejudice to Plaintiff to argue in any subsequent trial for any appropriate amount of damages supported by the evidence. An appropriate order follows.

6