FILED
SCRANTON
NOV 28 2016

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

B. MILLER A.K.A. BRANDON :
MILLER, :
    Plaintiff, :
     :
v. : CIVIL NO. 3:16-CV-1947
     :
D.J. LUCAS, et al., : (Judge Kosik)
    Defendants. :

## MEMORANDUM

Plaintiff B. Miller commenced this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2016. Named as defendants are Correctional Officers D.J. Lucas, Peter Damiter, Joseph Lukashewski and Delbo. Also named as a defendant is Hearing Examiner Sharon Lugis. The proper spelling of this defendant's last name is Luquis. Plaintiff is confined at the State Correctional Institution at Frackville (SCI-Frackville) and complains about incidents that occurred there. On October 28, 2016, the court granted Plaintiff in forma pauperis status and conducted an obligatory preliminary screening of the complaint. (Docs. 6, 7.) In doing so, the court found that Plaintiff did set forth a viable First Amendment retaliation and religion claim against Defendant Lucas, but failed to set forth any viable claims against the remaining defendants. He was directed to file an amended complaint including his claims against Defendant Lucas, and attempting to set forth any viable claims against

the remaining defendants. Presently before the court is the amended complaint submitted by Plaintiff on November 10, 2016. (Doc. 10.) The document submitted by Plaintiff is not complete and able to stand on its own. As such, Plaintiff will be given one final opportunity to submit a viable amended complaint in this matter.

I.  **Background**

In the original complaint Plaintiff alleged that Defendant Lucas retaliated against him when he learned that a misconduct issued against Plaintiff had been dismissed with prejudice. Plaintiff referred to B193479 as the misconduct. As a result, Plaintiff alleged that Lucas used another misconduct (B400315) as a pretext to infringe on Plaintiff's Native American religious service. (Doc. 1, Compl.) It appeared that this happened on May 5, 2015. Plaintiff alleged that he entered the chapel, and was confronted by Lucas about his shirt and the cuffs on his shirt. According to Plaintiff, his shirt was tucked in and his cuffs were casual and normal. Based on the foregoing, Lucas cancelled the religious service arbitrarily, and told Plaintiff to return to his housing unit without explaining why. Plaintiff claims that when questioned by the facility chaplain, Lucas used the same charges that had previously been dismissed in B193479 to support his allegations in B400315. He claims that this was an act of retaliation.

The court found that the claims against Lucas were viable, but needed to be included in the amended complaint. While referred to in the amended complaint, Plaintiff does not include the details with respect to these claims. He was also instructed to include any claims he intended to set forth against the remaining Defendants in that the original complaint failed to set forth viable claims against them. Specifically, Plaintiff failed to name the other defendants in the body of his complaint, but appeared to name them only because of their involvement in ruling on the misconduct and appeals therefrom. Because supervisory liability does not set forth a claim for relief, Plaintiff was provided with the opportunity to set forth claims against these defendants.

## II. Discussion

After conducting a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court directed that Plaintiff file an amended complaint and include his viable claims against Lucas. He was also given the opportunity to include any claims against Defendants Damiter, Delbo, Lukashewski and Luquis that were viable and not supervisory in nature. As drafted, the original complaint only referred to Defendants Damiter, Delbo, Lukashewski and Luquis in the caption and the body seemed to impose liability due to their finding of guilt on the misconduct or

their denial of Plaintiff's appeals therefrom. As such, these Defendants were entitled to be dismissed from this case, but without prejudice.

In reviewing the amended complaint submitted by Plaintiff, it is clear that it is inadequate. First, Plaintiff fails to include the details with respect to his retaliation and religion claims against Lucas. Next, he appears to include a due process claim against Defendant Luquis for "framing him" and not calling his witnesses. (Doc. 10 at 1, Am. Compl.) However, he fails to add the details as to when this occurred and what sanctions were imposed. The claims included against Defendants Damiter, Delbo and Lukashewski are still nothing more than supervisory and subject to dismissal. Plaintiff seeks to impose liability on said Defendants because of their positions and rank.

As such, Plaintiff will be given one final opportunity to file a proper amended complaint, but only with respect to his claims against Lucas and Luquis. He is to file his second amended complaint within twenty (20) days. The amended complaint is only to include the retaliation and religion claim against Defendant Lucas and any claim against Defendant Luquis. Without passing judgment as to the ultimate merits of these claims, Plaintiff is to file his second amended complaint in strict accordance with this Memorandum. He is to file his amended complaint to the civil number referenced above and it must stand on its own, <u>without reference to</u> the original or

amended complaint previously filed. He is to submit this second amended complaint on a § 1983 form that will be provided by the Clerk's Office. (Emphasis added.) Plaintiff's failure to file a proper second amended complaint will result in the court proceeding on the First Amendment claims set forth in the original complaint against Defendant Lucas. An appropriate Order follows.